UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEFANIA REBECA RANGEL, on behalf of
herself and all others similarly situated,

                Plaintiff,

   -against-

**ORDER**
**13 CV 3234 (LB)**

639 GRAND ST. MEAT & PRODUCE CORP.
d/b/a ASSOCIATED SUPERMARKET,
GILQUIA RODRIGUEZ, and
OSWALDO RODRIGUEZ,

                Defendants.
-------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        The parties, who have consented to the jurisdiction of a magistrate judge, move for Court approval of the proposed settlement agreement in this FLSA and New York Labor Law action.[1] See ECF Nos. 8-10. For the reasons stated below, the proposed settlement agreement is approved.

        Courts reviewing an FLSA settlement agreement "must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (quoting Le, 2008 WL 724155 at *1). In making this determination, the Court takes into account the "(1) complexity, expense, and likely duration of the litigation, (2) stage of the proceedings, (3) risks of establishing liability, (4) risks of establishing damages, (5) ability of defendants to withstand a larger

---

[1] Under FLSA, employees may not settle claims for unpaid wages unless the settlement is either supervised by the Secretary of Labor or made "pursuant to a judicially-approved stipulated settlement." Le v. SITA Info. Networking Computing USA, Inc., No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 3, 2008).

1

judgment, and (6) reasonableness in light of best possible recovery and all risks of litigation." Peralta v. Allied Contracting II Corp., No. 09-CV-0953, 2011 WL 3625319, at *1 (E.D.N.Y. Aug. 1, 2011) (citing Misiewicz v. D'Onofrio Gen. Contractors Corp., No. 08-CV-4377, 2010 WL 2545439, at *4 (E.D.N.Y. May 17, 2010)).

The parties' proposed settlement was the result of "arm's length negotiations, which were undertaken in good faith by counsel." Reyes v. Buddha–Bar NYC, No. 08 Civ. 2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009); see also Palacio v. E*Trade Fin. Corp., No. 10 Civ. 4030, 2012 WL 2384419, at *5 (S.D.N.Y. Jun. 22, 2012) (approving FLSA settlement that "was the result of contested litigation and arm's-length negotiation"); Diaz v. Scores Holding Co., Inc., No. 07 Civ. 8718, 2011 WL 6399468, at *2 (S.D.N.Y. Jul. 11, 2011) ("In FLSA settlements , . . . arm's length negotiations involving counsel and a mediator raise a presumption that the settlement achieved is procedurally fair, reasonable, adequate, and not a product of collusion."). Here, the parties represent that the settlement is "the product of mutual negotiation and compromise." See Settlement Agreement ¶ 5 (ECF No. 8).

The Court has reviewed the proposed payment to plaintiff under the terms of the settlement agreement, and finds that the settlement "reflects a reasonable compromise over contested issues." Diaz, 2011 WL 6399468, at *3. Specifically, plaintiff's counsel avers that the settlement "fully compensates [plaintiff] for all wages she would have received if she were paid in accordance with federal and state law," and, in fact, "exceeds full back pay and liquidated damages under the Fair Labor Standards Act." Aff. of Louis Pechman ¶ 4 (ECF No. 8); see also Reyes, 2009 WL 5841177, at *3 (approving settlement and noting that "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation").

The proposed settlement also provides for the payment of attorneys' fees and costs. While "[a]ttorney's fees in FLSA settlement agreements are subject to court approval" for reasonableness, Falleson v. Paul T. Freund Corp., 736 F. Supp. 2d 673, 674 (W.D.N.Y. 2010), there is a "greater range of reasonableness" where, as here, "the parties [have] settled on the fee through negotiation." Misiewicz, 2010 WL 2545439, at *5. Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. See Aff. of Louis Pechman ¶ 3. This fee arrangement is routinely approved by courts in this Circuit. See, e.g., Garcia v. Pancho Villa's of Huntington Village, Inc., No. 09-CV-486, 2012 WL 5305694, at *8 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); Palacio, 2012 WL 2384419, at *6 (approving attorneys' fee award representing one-third of the settlement, noting "the percentage-of-recovery method [] is consistent with the trend in this Circuit" (quotation omitted)). Accordingly, I find that the negotiated attorneys' fees are reasonable here.

The proposed settlement is hereby approved. The Clerk of Court shall close this case.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: September 19, 2013
      Brooklyn, New York